FILED

FEB 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HYATT HOTELS CORPORATION,

Petitioner-Appellee,

v.

UNITE HERE LOCAL 11,

Respondent-Appellant.

No.    22-56196

D.C. No.
2:22-cv-05858-JFW-E
Central District of California,
Los Angeles

ORDER

Before:  WARDLAW, LEE, and BUMATAY, Circuit Judges.

The motion for reconsideration (Dkt. 44) is **GRANTED**.  The memorandum

disposition filed on January 10, 2024, is amended and filed concurrently with this

order. No further petition for rehearing or rehearing en banc may be filed.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HYATT HOTELS CORPORATION,

          Petitioner-Appellee,

  v.

UNITE HERE LOCAL 11,

          Respondent-Appellant.

No.   22-56196

D.C. No.
2:22-cv-05858-JFW-E

AMENDED MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 7, 2023
Pasadena, California

Before:  WARDLAW, LEE, and BUMATAY, Circuit Judges.
Concurrence by Judge LEE.

UNITE HERE Local 11 (the "Union") appeals the district court's vacatur of

an arbitral award compelling Hyatt Hotels Corporation ("Hyatt") to secure

Relevant Group's ("Relevant") assumption of a card-check neutrality agreement

("MOA") for the Relevant-owned Thompson Hollywood, LLC and Tommie

Hollywood, LLC (collectively, the "Hotels").  We have jurisdiction under 28

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291, and we reverse.

1. The district court erred by failing to apply the heightened deference afforded to arbitrators when it disregarded the arbitrator's conclusion that Relevant was not a third party to the MOA. *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award."). Hyatt argues that Relevant was a third party to the MOA because Relevant did not sign the agreement. Nevertheless, the arbitrator reached a contrary conclusion that is supported by the record.[1] Deciding that Relevant was Hyatt's successor to the MOA and that it would be inequitable for Relevant to direct the formation and breach of the MOA for its own benefit while shrouded in third-party status, the arbitrator concluded that Relevant was "not a valid third

---

[1] Before the arbitrator were the following contentions: In 2019, the Union funded litigation against Relevant's construction of the Hotels that caused Relevant significant financial challenges. Relevant's cofounder and coprincipal, Richard Heyman, expressed "great concern" about the Union's litigation, and reached out to the Union to discuss card-check neutrality agreements. Relevant offered to agree to card-check agreements at its hotels, in exchange for "peace." After negotiating with the Union for months, Relevant agreed to the terms set forth in the MOA. Relevant then asked Hyatt to "paper the deal," and Hyatt did so. After the Union settled with Relevant, construction at the Hotels resumed. Relevant then reorganized its relationship with Hyatt for the express purpose of circumventing the agreement with the Union; Relevant exchanged its then-existing Hotel Management Agreements with Hyatt for Franchise Agreements, in which Hyatt transferred its role as operator of the Hotels to Relevant. Thus, the arbitrator permissibly determined that Relevant was not a "stranger to the MOA, in a matter of fact."

2

party to the MOA." *See Comedy Club, Inc. v. Improv W. Associates*, 553 F.3d 1277, 1287 (9th Cir. 2009); *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009). "The district court should have deferred to the [arbitrator's] interpretation rather than inquiring into its substantive merit." *Sw. Regional Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 533 (9th Cir. 2016). Because the arbitrator permissibly concluded that Relevant was not a third party to the MOA, the arbitrator did not manifestly disregard the legal principle prohibiting ordering specific performance against third parties or exceed his authority by arbitrating a dispute involving a third party.

2. The district court erred by rejecting the arbitrator's conclusion that Hyatt could secure Relevant's assumption of the MOA. *Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200, 1207 (9th Cir. 1989) (en banc) ("[A] court is barred from disregarding the arbitrator's factual determinations, let alone supplementing them with its own, or from 'correcting' an arbitrator's erroneous understanding of the law."). Hyatt argues that compliance with the arbitrator's award is impossible because it cannot compel Relevant to assume the MOA. However, that is yet to be determined. For example, the Union contends that under the Franchise Agreements, Hyatt maintains considerable authority over Relevant, including the ability to provide, withhold, or revoke approval of any party's authority to operate the Hotels. Further, the Union

3

contends that any operation of the Hotels is subject to Hyatt's "System Standards," which regulate "any aspect" of the Hotels' operation and can be modified by Hyatt at any time. The arbitrator weighed this evidence and permissibly found that Hyatt could leverage its authority under the Franchise Agreements to secure Relevant's assumption of the MOA. The district court "ha[d] no authority to re-weigh the evidence presented to the arbitrator" and come to its own conclusions. *Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009).

Because the arbitrator's reasoning was permissible under the deferential standard for review of an arbitration award, we REVERSE the grant of Hyatt's motion to vacate the arbitration award and REMAND for further proceedings consistent with this memorandum.

**REVERSED** and **REMANDED.**

*Hyatt Hotels Corp. v. Unite Here Local 11*, No. 22-56196:
LEE, Circuit Judge, with whom BUMATAY, Circuit Judge, joins, concurring.

Given our highly deferential review of labor arbitration awards, I concur and join the majority opinion. But I think it is a close call because the arbitrator's remedy—ordering Hyatt to compel Relevant to assume the card-check neutrality agreement (MOA)—is highly questionable.

A court (or an arbitrator) normally cannot order specific performance if that performance depends on the discretion of another party. Indeed, counsel for the union admitted during oral argument that he is not aware of any such case. Yet the arbitrator ordered Hyatt to require Relevant to assume the MOA, even though Hyatt has no legal authority to force Relevant to do so. In fact, Relevant has threatened to sue Hyatt over the MOA.

A sounder legal course would have been for the union to sue Relevant for breaching the MOA under the theory that Relevant was bound to that agreement either as Hyatt's assignee or as a third-party beneficiary of the contract. *Comedy Club, Inc. v. Improv W. Associates*, 553 F.3d 1277, 1287 (9th Cir. 2009). Or perhaps the arbitrator could have awarded damages against Hyatt.

But we cannot vacate an arbitration award just because we disagree with the arbitrator's legal reasoning. I also cannot say that the award violates public policy, especially given that (as Hyatt acknowledged) the most likely outcome if Relevant refuses to assume the MOA is that damages will be awarded to the union. I thus concur, despite my reservations about the arbitrator's decision.